## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## WHEELING DIVISION

| | |
|---|---|
| CHARLES MILLIKEN, JR. and MARY KAY MILLIKEN, individually and all others similarly situated, <br><br>                         Plaintiff, <br><br> v. <br><br> BAYER HERITAGE FEDERAL CREDIT UNION, <br><br>                          Defendant. | CASE NO. 5:24-cv-00057-JPB |

## ████████ ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING FORMS OF NOTICE AND NOTICE PLAN, AND DIRECTING IMPLEMENTATION OF THE NOTICE PLAN

The Court, having considered Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion"), the supporting memorandum, the Parties' Settlement Agreement, dated January 5, 2025, the proposed Short Notice, Long Notice, and Claim Form, and being otherwise fully advised in the premises, finds and orders as follows:

### PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1.    The Settlement Agreement, attached to the Unopposed Motion for Preliminary Approval as Exhibit 1 is incorporated fully herein by reference. The definitions used in the Settlement Agreement are adopted in this Order and shall have the same meaning ascribed in the Settlement Agreement.

2.    The Court has jurisdiction over the claims at issue in this Action, Plaintiffs Charles Milliken, Jr. and Mary Kay Milliken, individually and on behalf of others similarly situated

("Plaintiffs"), and Defendant Bayer Heritage Credit Union ("Bayer Heritage" or "Defendant") (together with Plaintiffs, the "Parties").

3.      This Order is based on Federal Rule of Civil Procedure 23.

4.      The Court finds that the Parties' Settlement Agreement, as set forth in Exhibit 1 to the Unopposed Motion for Preliminary Approval of Class Action Settlement is fair, reasonable, and adequate and is within the range of possible approval, and was entered into after extensive, arm's-length negotiations, such that it is hereby preliminarily approved and notice of the Settlement should be provided to the Settlement Class Members.

5.      Plaintiffs allege that this class action arises out of a cyberattack that was discovered on October 31, 2023, and that Bayer Heritage was the target of a criminal cyberattack in which the attackers accessed and acquired certain company records that including the Private Information of Plaintiffs and other individuals. Bayer Heritage sent, in January 2024, notification of the Data Incident to approximately 61,000 individuals. Plaintiffs allege to be among the group of individuals to whom Bayer Heritage sent a notification. Plaintiffs assert claims for: 1) Negligence; 2) Breach of Implied Contract; and 3) Unjust Enrichment.

6.      The relevant terms of the proposed Settlement as follows:

The Settlement negotiated on behalf of the Settlement Class provides for three separate forms of relief: (1) reimbursement for documented out-of-pocket expenses (such as fees for credit reports, unreimbursed bank fees, credit monitoring, or other identity theft insurance product, etc.) up to $5,000 per Class Member; 2) up to 4 hours at $20 per hour of lost time spent dealing with the effects of the Security Incident; and (3) two-years of three-bureau credit monitoring.

In addition to the foregoing settlement benefits, Bayer Heritage has agreed to implement and maintain certain cybersecurity and business practice enhancements after the Security Incident designed to protect the data security of Plaintiffs and Class Members.

## CLASS CERTIFICATION

7.     For the purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies the class, defined as follows:

> All persons residing in the United States whose PII was compromised in the October 2023 Security Incident announced by Bayer Heritage Federal Credit Union Property Management in 2024.

Excluded from the Class are: (1) any entity in which Bayer Heritage has a controlling interest and (2) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Bayer. Excluded also from the Class are members of the judiciary to whom this case is assigned, their families and members of their staff.

8.     The Settlement Class consists of approximately 61,000 individuals.

9.     The Court provisionally finds, pursuant to the Federal Rules of Civil Procedure, that for purposes of this settlement only that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Class Representatives' claims are typical of the Settlement Class's claims; (4) the Class Representatives will fairly and adequately protect the Settlement Class's interests; and (5) common issues in this Litigation predominate over individualized ones, and class treatment of this Litigation is superior.

## SETTLEMENT CLASS COUNSEL AND THE CLASS REPRESENTATIVES

10.     Charles Milliken, Jr. and Mary Kay Milliken are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class

Representatives are similarly situated to absent Settlement Class Members, and are typical of the Settlement Class, therefore they will be adequate Class Representatives.

11.    The Court finds that David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC and Philip J. Krzeski of Chestnut Cambronne, PA are experienced and adequate counsel and are provisionally designated as Class Counsel.

### NOTICE TO SETTLEMENT CLASS

12.    The forms of the Long Notice, Short Notice, and Claim Form attached as Exhibits A, B, and C, respectively, to the Settlement Agreement, are constitutionally adequate, and are hereby approved. The Notice contains all essential elements required to satisfy federal statutory requirements and due process. The Court further finds that the form, content, and method of providing the Settlement Class Notice, as described in the Settlement Agreement, including the exhibits thereto: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the Settlement, their rights under the Settlement, including, but not limited to, their rights to object to or exclude themselves from the Settlement; and (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members.

13.    The Notice program set forth in the Settlement Agreement, and described below, satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, provides the best notice practicable under the circumstances, and is hereby approved.

14.    The Settlement Administrator is directed to carry out the notice program as set forth in the Settlement Agreement.

15.     Within thirty-seven (37) days of this Preliminary Approval Order, the Settlement Administrator shall provide Notice to the Settlement Class Members in the manner set forth in the Settlement Agreement.

## CLAIMS, EXCLUSIONS, AND OBJECTIONS

16.     The timing of the claims process is structured to ensure that all Settlement Class Members have adequate time to review the terms of the Settlement Agreement, make a claim, or decide whether they would like to opt-out or object.

17.     Settlement Class Members will have ninety (90) days from date Notice commences pursuant to the Settlement Agreement to complete and submit a claim to the Settlement Administrator.

18.     Settlement Class Members who seek to be excluded from the Settlement Class must sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator, as set forth in the Notices. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. The notice must be postmarked no later than sixty (60) days from the date Notice commences pursuant to the Settlement Agreement.

19.     Settlement Class Members who comply with the requirements of this paragraph may object to the Settlement, the Attorneys' Fees Request, or the Service Award Requests. Settlement Class Members seeking to object to the Settlement must submit timely written notice of his or her objection. This Notice shall state: (1) the objector's full name, address, and current telephone number; (2) the name and number of this case – *Milliken, et al., v. Bayer Heritage Federal Credit Union*, Case No. 5:24-cv-00057-JPB; (3) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (4) the identification

of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last four years; (5) whether the objector intends to appear at the Final Approval Hearing; and (6) the objector's signature. If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of his/her counsel. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written objection, and must also identify any witnesses he/she may call to testify at the Final Approval Hearing and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

20.    To be timely, written notice of an objection in the appropriate form must be mailed to the Settlement Administrator at the address that the Settlement Administrator will establish to receive requests for exclusion or objections, Claim Forms, and any other communication relating to this Settlement, postmarked on or before sixty (60) days after the Notice Date.  The objector must also file copies of such papers he/she proposes to submit at the Final Approval Hearing with the Clerk of the Court; and (2) send copies of such papers to the Settlement Administrator

21.    Any Settlement Class Member who fails to comply with the requirements for objecting to the Settlement shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement, and the Settlement Class Member shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the means described above. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered

upon final approval shall be through appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

## ADMINISTRATION OF THE SETTLEMENT

22.     The Class Representatives, Settlement Class Counsel, and Defendant have created a process for assessing the validity of claims and a payment methodology to Settlement Class Members who submit timely, valid Claim Forms. The Court hereby preliminarily approves the Settlement benefits to the Settlement Class, and the plan for distributing Settlement benefits as described in Section 8 of the Settlement Agreement.

23.     The Court appoints Verita Global, LLC ("Verita") as the Settlement Administrator. Bayer Heritage shall pay the entirety of contractually agreed upon and authorized Costs of Settlement Administration, and the costs of providing notice to the Settlement Class. These payments shall be made separate and apart from the Settlement benefits.

24.     Settlement Class Members who qualify for Settlement benefits and who wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice.

25.     If Final Judgment is entered, all Settlement Class Members who fail to submit a claim in accordance with the requirements and procedures specified in the Notice, and who do not timely exclude themselves from the Settlement Class, shall be forever barred from receiving any Settlement benefit, and will in all other respects be subject to and bound by the provisions of the Settlement Agreement, including the Releases, and the Final Judgment.

26.     Bayer Heritage, if it does not perform the function itself, shall cause the Settlement Administrator to provide (at Bayer Heritage's expense) notice to the relevant state and federal governmental officials as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## FINAL FAIRNESS HEARING

27.    A Final Fairness Hearing shall be held on *June 20* 2025 at *11:00* a.m. at the Frederick P. Stamp, Jr. Federal Building and United States Courthouse, 1125 Chapline Street, Wheeling, WV, to be noticed on the Settlement Website.

28.    The Court may require or allow the Parties and any objectors to appear at the Final Fairness Hearing by telephone or videoconference.

29.    At the Final Fairness Hearing, the Court will determine whether: (1) this action should be finally certified as a class action for settlement purposes pursuant to the Federal Rules of Civil Procedure; (2) the Settlement should be finally approved as fair, reasonable, and adequate; (3) Settlement Class Counsel's application for attorneys' fees, costs, expenses should be approved; (4) the Class Representatives' requests for service awards should be approved; (5) the Parties, their respective attorneys, and the Settlement Administrator should consummate the Settlement in accordance with the terms of the Settlement Agreement; (6) Settlement Class Members should be bound by the Releases set forth in the Settlement Agreement; and (7) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement.

30.    Plaintiffs' Motion for attorneys' fees, costs, and expenses shall be filed with the Court no later than fourteen (14) days prior to the Opt-Out and Objection Deadline.

31.    Plaintiffs' Motion for Final Approval shall be filed with the Court no later than fourteen (14) days before the Final Fairness Hearing.

## TERMINATION

32.    This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions in the Litigation, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement

Agreement. In the event that the Settlement is terminated pursuant to the Settlement Agreement, the Parties shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel.

33.     In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

34.     This Order shall have no continuing force or effect if Final Judgment is not entered and shall not be construed or used as an admission, concession, or declaration by or against Bayer Heritage of any fault, wrongdoing, breach, liability, or the certifiability of any class.

35.     All proceedings and deadlines in this matter, except those necessary to implement this Order and Settlement, are hereby stayed and suspended until further order of the Court.

## SUMMARY OF DEADLINES

36.     The preliminarily approved Settlement shall be administered according to its terms pending the Final Fairness Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to:

| ACTION | DATE |
|---|---|
| Defendants Provide Class Member List | Within 14 days following entry of Order Granting Preliminary Approval |
| Notice Date | 37 days following entry of Order Granting Preliminary Approval |
| Motion for Attorneys' Fees, Expenses, and Service Awards to the Plaintiffs | 14 days prior to the Objection Deadline and Opt-Out Date |

9

| Exclusion / Opt-Out Deadline | 60 days after Notice Date |
|---|---|
| Objection Deadline | 60 days after Notice Date |
| Deadline to Submit Claims | 90 days after Notice Date |
| Final Approval Brief and Response to Objections Due | At least 14 days prior to the Final Approval Hearing |
| Final Approval Hearing | (To be scheduled approximately 150 days after entry of Preliminary Approval Order) |

**ENTERED:**

DATED: January 13, 2025

By: _____

    The Honorable John Preston Bailey
    United States District Judge