UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| CHARLES MILLIKEN, JR., and MARY KAY MILLIKEN, individually and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER HERITAGE FEDERAL CREDIT UNION<br><br>Defendant. | CASE NO. 5:24-cv-00057-JPB<br><br>FILED<br>JUN 20 2025<br>U.S. DISTRICT COURT- WVND<br>WHEELING, WV 26003 |

## FINAL APPROVAL ORDER AND JUDGMENT

On January 13, 2025, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (Doc. 23) of the settlement (the "Settlement") between Plaintiffs Charles Milliken, Jr. and Mary Kay Milliken, individually and on behalf of others similarly situated ("Plaintiffs"), and Defendant Bayer Heritage Credit Union ("Bayer Heritage" or "Defendant") (together with Plaintiffs, the "Parties"), as memorialized in the Settlement Agreement, which is Exhibit 1 (Doc. 21-1) to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement;[1]

Pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Class was notified of the terms of the proposed Settlement Agreement, of the right of Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a final approval hearing;

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement, except as may otherwise be indicated.

On June 20, 2025, the Court held a final approval hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the final approving hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and costs to Settlement Class Counsel, and the payment of service awards to the Class Representatives.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Settlement Class Counsel and counsel for Bayer Heritage, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees and costs and expenses, and the application for service awards to the Class Representatives, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. The Settlement Agreement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

4. This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases in the Settlement Agreement, including all Released Claims, and the plans for implementation and distribution of the settlement benefits. The Court finds that the Settlement Agreement is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Class Members who have not opted out of the Settlement Class are bound by this Final Approval Order and Judgment, approving the Settlement Agreement.

5. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

## OBJECTIONS AND OPT-OUTS

6. No objections were filed by Settlement Class Members. The Court has considered the absence of any objections and finds the absence of objections weighs in favor of final approval.

7. All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

8.      Settlement Class Members were given the opportunity to timely and validly elect to opt out of the Settlement Agreement and the Settlement Class (the "Opt-Out Members"), and therefore not be bound by the Settlement Agreement and this Final Approval Order and Judgment. As submitted to the Court in the Declaration of Carla A. Peak, Project Manager for the duly appointed Settlement Administrator Verita Global ("Verita"), filed in advance of the final approval hearing. (Doc. 28-1). No Settlement Class Members have opted out of the Settlement.

## CLASS CERTIFICATION

9.      For purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following class (the "Settlement Class"):

> All persons residing in the United States whose PII was compromised in the October 2023 Security Incident announced by Bayer Heritage Federal Credit Union Property Management in 2024.

Excluded from the Class are: (1) any entity in which Bayer Heritage has a controlling interest and (2) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Bayer. Excluded also from the Class are members of the judiciary to whom this case is assigned, their families and members of their staff.

10.     The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

11.     The Court grants final approval to the appointment of Plaintiffs Charles Milliken, Jr. and Mary Kay Milliken as Class Representatives. The Court concludes that the Class

Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

12. The Court grants final approval of the appointment of David K. Lietz of Milberg Coleman Bryson Phillips Grossman PLLC and Philip J. Krzeski of Chestnut Cambronne, PA as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE CLASS

13. The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

14. The Court finds that Bayer Heritage has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## AWARD OF ATTORNEYS' FEES AND SERVICE AWARDS

15. The Court has considered Class Counsel's Motion for service awards and for attorneys' fees and costs, and expenses. The Court awards Class Counsel the sum of $175,000 as a combined award of attorneys' fees and costs and expenses to be paid in accordance with the Settlement Agreement, and the Court finds this amount of fees and expenses to be fair and reasonable.

16. The Court grants Class Counsel's request for service awards to the Class Representatives and awards $2500 each to Plaintiffs Charles Milliken, Jr. and Mary Kay Milliken. The Court finds that this payment is justified by their service to the Settlement Class. This payment shall be paid in accordance with the Settlement Agreement.

## **OTHER PROVISIONS**

17. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

18. Within the time period set forth in the Settlement Agreement, the benefits provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting Valid Claim Forms, on approved Claims, pursuant to the terms and conditions of the Settlement Agreement.

19. As of the Effective Date, and in consideration of the promises and covenants set forth in this Settlement Agreement, Defendant and its representatives, officers, agents, directors, principals, affiliates, insurers, and attorneys shall be deemed to have released, acquitted, and forever discharged Plaintiffs and Class Counsel from any and all claims, whether known or unknown, that arise out of, are based upon, or relate to the Prosecution of the Action, Litigation, Settlement Agreement, or Settlement Claims Process (provided, however, that this release and discharge shall not include claims relating to the enforcement of the terms of the Settlement Agreement.)

20. "Released Claims" shall collectively mean all past, present and future claims, demands, actions, causes of action, costs, expenses, attorneys' fees, losses, rights, demands, charges, complaints, suits, petitions, obligations, debts, penalties, damages, or liabilities of any nature whatsoever, known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, matured or unmatured, in law or equity, and any other form of

legal or equitable relief that has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Parties reasonably related to the operative facts alleged in or otherwise described by the Litigation or arising out of or in any way related to the Incident and/or Released Parties' recordkeeping or data security policies and practices, whether or not pleaded or otherwise asserted in the Litigation, including any and all damages, losses, or consequences thereof.

21.  This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Bayer Heritage of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Bayer Heritage or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the action. This Final Approval Order and Judgment, the Settlement Agreement, and all acts, statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; *provided, however,* that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Bayer Heritage, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment (including but not limited to enforcing the releases contained herein). The Settlement Agreement and Final Approval Order and Judgment shall not be construed or admissible as an admission by Bayer Heritage that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement

Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment.

24. The Court hereby dismisses the Complaint and all claims therein with prejudice, without fees or costs to any Party, except as provided in this Final Approval Order and Judgment.

25. Consistent with Paragraphs 73, 74 and 75 of the Settlement Agreement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc,* and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). Further, in such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court, so as to avoid prejudice to any Party or Party's counsel.

26. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382, 114 S. Ct. 1673, 1677, 128 L. Ed. 2d 391 (1994) and the parties' agreement, this Court shall retain the

authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

27.   Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

**ENTERED:**

DATED: __6-20-2025__, 2025

By: _____
The Honorable John Preston Bailey
United States District Judge